UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JENNIFER WOOTTEN, ) | Case No.: 10-CV-04946-LHK |
| ) | |
| Plaintiff, ) | ORDER DENYING REQUEST FOR |
| v. ) | TEMPORARY RESTRAINING ORDER; |
| ) | SETTING PRELIMINARY |
| BAC HOME LOANS SERVICING, LP, ) | INJUNCTION HEARING AND |
| ) | BRIEFING SCHEDULE |
| Defendant. ) | |
| ) | (re: docket #2) |

On November 1, 2010, Plaintiff filed an "Original Petition" [dkt. #1] and "Motion for Preliminary Injunction" [dkt. #2] in connection with the foreclosure or foreclosure sale (Plaintiff does not specify which) of property at 700 Tea Tree Court, San Jose, California 95128. Because Plaintiff has not made a clear showing of immediate and irreparable injury, the Court DENIES Plaintiff's request for a temporary injunction without prejudice. The Court, however, GRANTS Plaintiff's request for a preliminary injunction hearing.

The Court is mindful of the leeway due to *pro se* litigants. *Brazil v. United States Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Plaintiff's request for relief is difficult to decipher because Plaintiff refers to, but does not distinguish between, a temporary restraining order and a preliminary injunction. In any event, the Court interprets Plaintiff's motion as seeking the issuance of a temporary restraining order without providing Defendant an opportunity to be heard. *See* Mot. for Prelim. Injunction at 24 ("plaintiff will suffer immediate and irreparable injury, loss, or damage

1

Case No.: 10-CV-04946-LHK
ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER; SETTING PRELIMINARY
INJUNCTION HEARING

1     if the order is not granted before defendant can be heard."). Federal Rule of Civil Procedure

2     65(b)(1) states that the court may issue a temporary restraining order without notice only if: "A)

3     specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable

4     injury, loss, or damage will result to the movant before the adverse party can be heard in

5     opposition; and B) the movant's attorney certifies in writing any efforts made to give notice and the

6     reasons why it should not be required." Also related to notice, Civil Local Rule 65-1(b) states that,

7     unless relieved by the Court for good cause shown, "on or before the day of an *ex parte* motion for

8     a temporary restraining order, counsel applying for the temporary restraining order must deliver

9     notice of such motion to opposing counsel or party."

10    Here, Plaintiff has not alleged "specific facts" that "clearly show" that irreparable injury

11    will occur before Defendant has an opportunity to be heard in opposition. *See* Fed. R. Civ. P.

12    65(b)(1)(A). Rather, Plaintiff only makes a vague statement that "defendant has made it clear that

13    sale and eviction from the property are imminent." *See* Mot. for Prelim. Inj. at 24. Plaintiff does

14    not specify a date on which the property will be sold by, for example, citing to a notice of trustee's

15    sale. Without more information, the Court is unable to determine whether Plaintiff has adequately

16    established that she is likely to suffer irreparable harm in the absence of preliminary relief, let

17    alone establish likelihood of success on the merits. *See Winter v. NRDC, Inc.*, 129 S. Ct. 365, 374

18    (2008)*; see also Klein v. City of San Clemente*, 584 F. 3d 1196, 1201 (9th Cir. 2009) (the party

19    seeking preliminary relief bears the burden of establishing entitlement to relief).

20    In addition, Plaintiff did not comply with Civil Local Rule 65-1(b), which requires delivery

21    of notice of an *ex parte* motion on or before the day the *ex parte* motion is filed. Plaintiff did not

22    provide notice to Defendant of her motion on November 1, 2010 (e.g., the day she filed the motion

23    for an *ex parte* order), although Plaintiff submits, in a filing on November 5, 2010, that notice of

24    this action was delivered to Defendant's authorized agent on November 3, 2010. *See* Decl. of

25    Service re summons and complaint as to defendant BAC Home Loan Servicing, LP [dkt. #6].

26    Accordingly, the Court DENIES Plaintiff's request for a temporary restraining order

27    without prejudice. The Court GRANTS Plaintiff's request for a preliminary injunction hearing.

28

2

Case No.: 10-CV-04946-LHK
ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER; SETTING PRELIMINARY
INJUNCTION HEARING

1    The hearing is set for Thursday, December 9, 2010 at 1:30 p.m. in Courtroom 4, Fifth Floor, 280 S.
2    1st Street, San Jose, California.  Defendant's opposition to Plaintiff's motion for preliminary
3    injunction is due by Tuesday, November 30, 2010.  Plaintiff's reply is due Friday, December 3,
4    2010.  Any motion to enlarge or shorten time, as to either the hearing or the briefing schedule, must
5    comply with Civil Local Rule 6-3 ("Motion to Change Time"), which, among other things, sets out
6    a 5-page limit, requires the reasons for the requested change to be set forth with particularity, and
7    requires delivery of the motion to the other party on the same day the motion is filed.
8         Plaintiff is ORDERED to serve a copy of this Order upon Defendant as soon as practicable,
9    but no later than Thursday, November 18, 2010.  Upon serving Defendant with this Order, Plaintiff
10   shall file proof of service with this Court.  Failure to timely serve Defendant with a copy of this
11   Order will result in a continuance of the preliminary injunction hearing to a later date.
12   **IT IS SO ORDERED.**

Dated: November 10, 2010

_____
LUCY H. KOH
United States District Judge

3
Case No.: 10-CV-04946-LHK
ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER; SETTING PRELIMINARY INJUNCTION HEARING