UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| JENNIFER WOOTTEN, | ) | Case No.: 10-CV-04946-LHK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANT'S |
| v. | ) | MOTION TO DISMISS; DENYING |
| | ) | PLAINTIFF'S REQUEST FOR |
| BAC HOME LOANS SERVICING, LP, | ) | PRELIMINARY INJUNCTION |
| | ) | |
| Defendant. | ) | (re: docket #9) |
| | ) | |

Plaintiff Jennifer Wootten ("Plaintiff") brings suit against Defendant BAC Home Loans Servicing, LP ("Defendant") alleging violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et* seq. and various state law claims in connection with the non-judicial foreclosure of property located at 700 Tea Tree Court, San Jose, California (the "Property"). The Court has previously denied Plaintiff's request for a temporary restraining order for failure to comply with the notice requirements of the Federal Rules of Civil Procedure, and failure to establish a likelihood of success on the merits or irreparable injury. *See* Dkt. #8. Presently before the Court is Defendant's Motion to Dismiss. Plaintiff did not file an Opposition. The Court finds this matter appropriate for resolution without oral argument. *See* Civ. L.R. 7-1(b). For the reasons described below, Defendant's Motion to Dismiss is GRANTED in part with leave to amend and GRANTED in part with prejudice. The February 10, 2011 motion hearing and Case Management Conference are both vacated.

# I.  BACKGROUND

## A.  Plaintiff's Complaint

Plaintiff filed an "Original Petition" on November 1, 2010.  The Court will refer to this "Original Petition" as Plaintiff's Complaint.  The thirty-page Complaint consists mostly of generalized allegations against "<u>unscrupulous lenders</u>" and the entire "mortgage system itself." *See, e.g.*, Compl. at 2-5 (discussing the general state of the real estate industry and the "best of intentions").  The Complaint also refers to "Defendants," although Plaintiff has only named a single Defendant (BAC Home Loan Servicing, LP) -- an entity about which Plaintiff fails to make *any* specific allegations.  The Complaint is short on specific factual information, but apparently relates to the origination of a loan on the Property for $323,344.00 at 5.986% interest over 30 years.  *See* Compl. at 3.  Plaintiff does not identify the lender, the type of loan, any other loan terms, or the date of the loan transaction.  Beginning on page 25 of the Complaint, Plaintiffs allege six causes of action: (1) breach of fiduciary duty; (2) negligence and negligence per se; (3) fraud; (4) breach of implied covenant of good faith and fair dealing; (5) violation of TILA; and (6) intentional infliction of emotional distress.  Plaintiff's Complaint concludes with a prayer of relief for, *inter alia*, rescission, compensatory damages in the amount of $479,172.03, punitive damages in the amount of $1,437,516.09, and pain and suffering in an unspecified amount.  *Id.* at 30-31.

## B.  Defendant's Motion to Dismiss and Request for Judicial Notice

Defendant submits that the following are the relevant allegations in the Complaint and judicially noticeable facts.  *See* Def.'s Mot. to Dismiss at 1-2.[1]  On June 27, 2007, Plaintiff obtained a residential mortgage loan for $323,344.00 in connection with the Property.  The loan was secured by a Deed of Trust recorded on or about July 5, 2007 with the Santa Clara County Recorder's Office.  *See* Def.'s Request for Judicial Notice ("RJN"), Exh. A.  The July 5, 2007 Deed of Trust identifies "Bank of America, N.A." as the lender, "PRLAP, Inc." as the trustee, and Plaintiff as the borrower.  Plaintiff filed for Chapter 7 bankruptcy on February 25, 2010.  *See* RJN,

---

[1] The Court takes judicial notice of these facts pursuant to Federal Rule of Evidence 201, as they are based on public records "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  *See* Fed. R. Evid. 201(b); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (courts may take judicial notice of matters of public record).

Case No.: 10-CV-04946-LHK
ORDER GRANTING MOTION TO DISMISS; DENYING PRELIMINARY INJUNCTION

**United States District Court**
For the Northern District of California

Exh. B.  On June 2, 2010, the Bankruptcy Court issued an "Order Discharging Debtor and Final Decree."  *See* RJN, Exh. C.  That Order discharged certain of Plaintiff's debts, but excluded secure debts such as the lien on Plaintiff's Property.  On September 7, 2010, Defendant sent Plaintiff a Notice of Intent to Accelerate regarding her loan default, but as of February 2, 2011, Defendant has not initiated foreclosure proceedings on the Property.  *See* Def.'s Opp'n to Pl.'s Request for Preliminary Injunction, Decl. of Barbara Travis ("Travis Decl.").  The September 7, 2010 Notice informed Plaintiff that her amount due was approximately $23,238.57.  *Id.*

## II.  LEGAL STANDARDS

Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is "proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Services, Inc.*, 606 F.3d 658, 664 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).  In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *St. Clare v. Gilead Scis., Inc.* (*In re Gilead Scis. Sec. Litig.*), 536 F.3d 1049, 1055 (9th Cir. 2008).  While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'"  *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S.Ct. at 1949.

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Case No.: 10-CV-04946-LHK
ORDER GRANTING MOTION TO DISMISS; DENYING PRELIMINARY INJUNCTION

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

### III.  ANALYSIS

Defendant has moved to dismiss the Complaint on a number of grounds, including the absence of any specific claims against Defendant BAC Home Loans Servicing, LP and the absence of any factual allegations to support any of the claims.  As noted above, Plaintiff has not filed an Opposition.  The Court finds that Plaintiff's Complaint is fatally deficient in a number of respects, including failure to satisfy the minimum pleading requirements of Federal Rule of Civil Procedure 8.  Thus, the Court grants Defendant's Motion to Dismiss.  The Court offers the following discussion should Plaintiff choose to amend her complaint after reviewing this Order.  *See, e.g.*, *Gutierrez v. Wells Fargo Bank*, 2009 U.S. Dist. LEXIS 38142 (N.D. Cal. Apr. 20, 2009) (adopting a similar approach in a foreclosure action involving a pro se plaintiff).  Such an amended complaint *must* provide specific factual allegations to support each of her claims.  Failure to do so risks dismissal of this entire action with prejudice.

#### A.  Plaintiff's Federal Claim

##### 1. TILA

Plaintiff alleges only one federal cause of action: a violation of TILA.  TILA requires, among other things, disclosure of finance charges and the annual percentage rate.  *See* 15 U.S.C. § 1638(a); 12 C.F.R. § 226.18.  Lenders must provide borrowers with clear and accurate disclosures, including two copies of a notice of a right to rescission.  15 U.S.C. § 1635.  Violation of TILA provides borrowers with two potential forms of relief: rescission and monetary damages.  *See* 15 U.S.C. §§ 1635, 1640.  If a lender fails to disclose material information required by TILA, a borrower has a right to rescind within three years of consummation of the loan.  *See King v. California*, 784 F.2d 910, 913 (9th Cir. 1986).  In addition, a borrower has a right to monetary damages within one year of consummation of the loan.  *Id*. at 915.  However, "the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action."  *See id*. at 915.

Plaintiff does not specify in her Complaint whether her TILA claim is for rescission or monetary damages.  In either case, however, Plaintiff has failed to state a claim for a violation of

4

TILA.  As noted above, Plaintiff has failed to allege any specific factual allegations to support her

TILA claim.  For example, Plaintiff does not allege that Defendant failed to make required

disclosures or that Defendant made inaccurate disclosures.  Moreover, any such allegation as to the

origination of the loan against Defendant BAC Home Loans Servicing, LP, a loan servicer not a

lender, would seem implausible.  *See Twombly*, 550 U.S. at 570 (the complaint must plead "enough

facts to state a claim for relief that is plausible on its face.").

Without equitable tolling, Plaintiff's claim for monetary damages under TILA would be

barred by the relevant one year statute of limitations.  *See* 15 U.S.C. § 1640.  The loan transaction

occurred on June 27, 2007, but Plaintiff did not file suit until November 1, 2010.  The Court

recognizes that it has "a duty to construe pro se pleadings liberally, including pro se motions as

well as complaints."  *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003).

However, if a plaintiff, even a pro se plaintiff, "fails to allege facts demonstrating that he could not

have discovered the alleged violations by exercising reasonable diligence," dismissal is

appropriate.  *Rosenfeld v. JPMorgan Chase Bank, N.A.*, No. C 09-6070, 2010 WL 3155808 (N.D.

Cal. 2010) (citing *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902-03 (9th Cir. 2003)).

Here, Plaintiff fails to allege any facts that could support equitable tolling of any potential TILA

claim for monetary damages.   Because the Ninth Circuit generally disfavors resolving a motion to

dismiss on equitable tolling grounds unless it is clear that equitable tolling is inappropriate, the

Court dismisses Plaintiffs' TILA damages claim with leave to amend.  *See Supermail Cargo, Inc.

v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995).

Plaintiff's claim for rescission under TILA is also untimely, as Plaintiff filed suit outside

the three year statute of limitations for TILA rescission claims.  *See* 15 U.S.C. § 1635.  Unlike a

TILA damages claim under §1640(e), however, a TILA rescission claim is not subject to equitable

tolling.  *See* 15 U.S.C. § 1635(f) (the "right of rescission shall expire three years after the date of

consummation of the transaction or upon the sale of the property, whichever occurs first,

*notwithstanding the fact that the information and forms required under this section or any other*

*disclosures required under this part have not been delivered to the obligor*."  The Ninth Circuit has

stated that "§1635 is a statute of repose, depriving the courts of subject matter jurisdiction when a

5

§1635 claim is brought outside the three year limitations period." *See Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002).  Thus, any potential right to rescission expired in June 2010, months before Plaintiff filed suit in November 2010.  Accordingly, as leave to amend would be futile, Plaintiff's TILA rescission claim is dismissed with prejudice.

For the reasons identified, Defendant's motion to dismiss the TILA cause of action is GRANTED.  Plaintiff is granted leave to amend her TILA claim for damages to cure all of the deficiencies identified above.  Plaintiff's TILA claim for rescission is dismissed with prejudice.

**B.  State Law Claims**

While Plaintiff alleges only one federal cause of action over which the Court has original jurisdiction, the Court may exercise supplemental jurisdiction over "all other claims that are so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *See* 28 U.S.C. § 1367.  The Court has discretion to hear such claims "where there is a substantial federal claim arising out of a common nucleus of operative fact." *Hoeck v. City of Portland*, 57 F.3d 781, 785 (9th Cir. 1995).  As with the TILA cause of action, the Court finds numerous deficiencies in all of Plaintiff's state law claims.  The Court grants Defendant's motion to dismiss with respect to those state causes of action with leave to amend.  Should she choose to amend her Complaint after reviewing this Order, Plaintiff must cure all the deficiencies identified or risk dismissal of this entire action with prejudice.

**1.  Breach of Fiduciary Duty**

Plaintiff alleges that "Defendants Agent, appraiser, trustee, Lender, et al, and each of them, owed Petitioner [Plaintiffs] a fiduciary duty of care with respect to the mortgage loan transactions and related title activities involving the Trust Property." *See* Compl. at 25.  It bears repeating that Plaintiff has only named one Defendant, the loan servicer BAC Home Loans Servicing, LP, and has made no specific factual allegations as to BAC's role in the loan transaction.  Moreover, in the context of a commercial borrower-lender relationship, as here, the relationship is not fiduciary in nature. *See Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (Ct. App. 1991).  Rather, a commercial lender is entitled to pursue its own economic interests, and therefore

6

1    does not generally owe a fiduciary duty to its borrowers.  *Id*. at 1093 n.1.  Without an identified

2    fiduciary duty to Plaintiff, any cause of action for breach of fiduciary duty will necessarily fail.

3        Accordingly, Plaintiff's breach of fiduciary duty claim is dismissed with leave to amend.

4        **2.  Negligence and Negligence Per Se**

5        Plaintiff pleads causes of action for negligence and "negligence per se."  To state a claim

6    for negligence, a plaintiff must allege: (1) the defendant's legal duty of care to the plaintiff; (2) the

7    defendant's breach of duty; (3) injury to the plaintiff as a result of the breach; and (4) damage to

8    the plaintiff.  *See Hoyem v. Manhattan Beach City Sch. Dist.*, 22 Cal. 3d 508, 513 (1978).  "[A]s a

9    general rule, a financial institution owes no duty of care to a borrower when the institution's

10   involvement in the loan transaction does not exceed the scope of its conventional role as a mere

11   lender of money."  *See Nymark*, 231 Cal. App. 3d at 1096.  In addition, negligence per se is not a

12   separate cause of action, but rather an evidentiary presumption that a party failed to exercise due

13   care in certain limited circumstances.  *See* Cal. Evid. Code § 669.

14       Plaintiff alleges that "Defendants owed a general duty of care with respect to Petitioners,

15   particularly concerning their duty to properly perform due diligence as to the loans and related

16   transactional issues described hereinabove."  *See* Compl. at 25.  Plaintiff, however, makes no

17   specific factual allegation against the only named Defendant, BAC Home Loans Servicing, LP (a

18   loan servicer, not a lender), nor does Plaintiff identify the source of any potential duty.  Thus,

19   Plaintiff fails to state a claim for negligence.  Moreover, Plaintiff's negligence claim is apparently

20   time-barred by the two year statute of limitations for negligence.  *See* Cal. Civ. Proc. Code § 335.1.

21   Plaintiff's November 1, 2010 filing of suit is more than two years beyond the June 25, 2007 loan

22   transaction date.

23       Accordingly, Plaintiff's negligence cause of action is dismissed with leave to amend.  Any

24   amended complaint must provide specific factual allegations to support a negligence cause of

25   action, and must provide sufficient factual allegations as to why the negligence cause of action is

26   not barred by the statute of limitations.

27

28

Case No.: 10-CV-04946-LHK
ORDER GRANTING MOTION TO DISMISS; DENYING PRELIMINARY INJUNCTION

United States District Court
For the Northern District of California

### 3. Fraud

Under her fraud cause of action, Plaintiff alleges that "Agent [unidentified elsewhere in the Complaint] acted in concert and collusion with others named herein [no other entities or individuals are named in the Complaint] in promulgating false representations to cause Petitioner to enter into the LOAN without knowledge or understanding of the terms thereof." Compl. at 26.

To establish a cause of action for fraudulent misrepresentation, a plaintiff must plead and prove four elements: (1) a knowingly false representation by the defendant; (2) an intent to deceive or induce reliance; (3) justifiable reliance by the plaintiff; and (4) resulting damages. *See Service by Medallion, Inc. v. Clorox Co.*, 44 Cal. App. 4th 1807, 1816 (Ct. App. 1996). Moreover, a plaintiff's complaint must be pled with sufficient particularity to meet the heightened pleading standard for a fraud claim. *See* Fed. R. Civ. P. 9(b) ("[in] alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake").

Plaintiff's allegations fall far short of the heightened pleading standard for a fraud claim, and, in fact, fail even the liberal pleading standard of Rule 8. Plaintiff does not plead with specificity what false representations were made, who made the false representations, or explain why the representations were false or misleading. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th Cir. 1999). Plaintiff's confusing and conclusory allegation that some unidentified "Agent" promulgated "false representations" is insufficient to support her fraud cause of action. Moreover, Plaintiff's fraud cause of action is apparently time-barred by the relevant three-year statute of limitations. *See* Cal. Civ. Proc. Code § 338(d). As discussed above, Plaintiff entered into the loan on June 25, 2007, but not bring suit until November 1, 2010. Plaintiff's Complaint includes no factual allegations to support equitable tolling.

Plaintiff's fraud cause of action is dismissed with leave to amend. In any amended complaint, Plaintiff must provide specific factual allegations in order to meet the heightened pleading standard for fraud claims and must provide allegations as to why the fraud claim is not barred by the statute of limitations.

United States District Court
For the Northern District of California

### 4. Breach of Implied Covenant of Good Faith and Fair Dealing

Plaintiff also alleges that "Defendants violated the breach of implied covenant of good faith and fair dealing." *See* Compl. at 27.  However, "[t]he prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties, since the covenant is an implied term in the contract." *Smith v. City and County of San Francisco,* 225 Cal.App.3d 38, 49, 275 Cal.Rptr. 17 (1990).  The "implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract." *Pasadena Live, LLC v. City of Pasadena,* 114 Cal.App.4th 1089, 1093-1094, 8 Cal.Rptr.3d 233 (2004) (citation omitted.)   "Without a contractual relationship, [a plaintiff] cannot state a cause of action for breach of the implied covenant." *Smith,* 225 Cal.App.3d at 49.

Plaintiff has failed to plead the existence of a contract between herself and Defendant BAC Home Loans Servicing, LP, and thus, her breach of implied covenant of good faith and fair dealing cause of action necessarily fails.  Moreover, even if Plaintiff had alleged the existence of a contract in connection with the June 25, 2007 loan transaction, Plaintiff again fails to specify with which entity she contracted and how the terms of that contract were breached in any way.  Finally, Plaintiff appears to have obtained the benefits of the loan transaction since she received the $323,344.00 loan proceeds.

Thus, Plaintiff's breach of implied covenant of good faith and fair dealing cause of action is dismissed with leave to amend to cure the deficiencies identified above.

### 5. Intentional Infliction of Emotional Distress

In support of her cause of action for intentional infliction of emotional distress, Plaintiff vaguely alleges that "the conduct committed by Defendants, driven as it was by profit at the expense of increasingly highly leveraged and vulnerable consumers who placed their faith and trust in the superior knowledge and position of Defendants, was extreme and outrageous and not to be tolerated by civilized society." *See* Compl. at 28-29.

The elements of a cause of action for intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless

9

United States District Court
For the Northern District of California

1    disregard for the probability of causing, emotional distress; (2) the plaintiff's suffering severe or

2    extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the

3    defendant's outrageous conduct.  *See Cervantez v. J.C. Penney Co.*, 24 Cal. 3d 579 593 (1979).

4    "For [c]onduct to be outrageous, [it] must be so extreme as to exceed all bounds of that usually

5    tolerated in a civilized community."  *Id.*

6           Plaintiff's Complaint includes no allegations as to Defendant's conduct making it

7    impossible to discern whether any such conduct was so extreme as to exceed all bounds tolerated in

8    a civilized society.  Plaintiff does not identify the other "Defendants" referred to in the Complaint,

9    nor does Plaintiff allege what conduct any other potential Defendant performed.  While certain

10   conduct may seem extreme and outrageous to Plaintiff, in any amended complaint, Plaintiff must

11   demonstrate that such conduct was objectively extreme and outrageous to society.  *See Gutierrez*,

12   2009 U.S. Dist. LEXIS 38142, *16-17.  In addition, any cause of action for intentional infliction of

13   emotional distress is apparently time-barred by the relevant two year statute of limitations.  *See*

14   Cal. Code Civ. Proc. § 335.1.

15          Plaintiff's cause of action for intentional infliction of emotional distress is dismissed with

16   leave to amend.  As with the other causes of action analyzed herein, Plaintiff must, in any amended

17   complaint, include specific factual allegations to support this claim and to explain why it is not

18   barred by the statute of limitations.

19           **6.  Quiet Title**

20          Plaintiff does not allege a separate cause of action for quiet title, but instead generally

21   alleges throughout the Complaint that "Defendants" lack standing to foreclose because they have

22   not produced the original promissory note.  *See* Compl. at 9-11, 23-24.  Plaintiff's Complaint does

23   not identify which "Defendant" failed to produce the promissory note.  In any event, under

24   California law, there is no requirement that a trustee produce the original promissory note prior to a

25   non-judicial foreclosure sale.  *See, e.g.*, *Torres v. Wells Fargo Home Mortg., Inc.*, 2011 U.S. Dist.

26   LEXIS 319, *8 (N.D. Cal. Jan. 4, 2011) (citing numerous cases).  Accordingly, Plaintiff's reliance

27   on a produce-the-note-theory supports no viable cause of action for quiet title.  To the extent

28

Case No.: 10-CV-04946-LHK
ORDER GRANTING MOTION TO DISMISS; DENYING PRELIMINARY INJUNCTION

Plaintiff's general allegations can be understood to plead a quiet title cause of action, such a cause of action is dismissed with prejudice.

### C. Preliminary Injunction

Plaintiff's Complaint also seeks injunctive relief.  A plaintiff seeking a preliminary injunction must make a four-fold showing: (1) that she is likely to succeed on the merits; (2) that she is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in the public interest.  *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 374 (2008); *Amer. Trucking Assocs., Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).  For the reasons specified above, Plaintiff has failed to establish that she is likely to succeed on any of her claims.  In addition, Plaintiff has failed to establish that she is likely to suffer irreparable harm in the absence of preliminary relief.  The Court recognizes that the loss of one's home may constitute irreparable harm.  *Saba v. Caplan*, No. C 10-02113 SBA, 2010 U.S. Dist. LEXIS 76790, at *13-14 (N.D. Cal. July 6, 2010).  Here, however, Plaintiff's loan is not in foreclosure, and thus Plaintiff does not currently stand to lose her home in a foreclosure sale.  *See* Travis Decl. at ¶¶ 12-13.

Accordingly, Plaintiff's request for preliminary injunctive relief is DENIED.

### IV.  CONCLUSION

For all of the foregoing reasons, Defendant's Motion to Dismiss is GRANTED in part with leave to amend and GRANTED in part with prejudice as specified above.  If Plaintiff wishes to file an amended complaint, **the amended complaint must be filed and served no later than March 8, 2011.**  Failure to do so risks dismissal of this entire action with prejudice.  Plaintiff may not add new causes of action or parties without seeking leave of the Court pursuant to Fed. R. Civ. P. 15 or obtaining Defendant's permission by stipulation.  The February 10, 2011 motion hearing and Case Management Conference are vacated.

**IT IS SO ORDERED.**

Dated: February 8, 2011

_____
LUCY H. KOH
United States District Judge

*United States District Court*
*For the Northern District of California*

11